Case 1:20-cv-04516-RER  Document 38  Filed 11/29/22  Page 1 of 7 PageID #: 880

Clerk's Office
Filed Date: 11/29/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANCO HASOU,

                Plaintiff,

-against-

UR JADDOU, DIRECTOR, U.S. CITIZENSHIP
AND IMMIGRATION SERVICES,

                Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-cv-4516 (CBA)

**AMON, United States District Judge:**

    Plaintiff Franco Hasou brings this action against Defendant Ur Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), asserting one cause of action pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), alleging unreasonable delay by USCIS in its adjudication of Mr. Hasou's Form I-526, "Immigration Petition by Alien Entrepreneur" ("I-526"). (See ECF Docket Entry ("D.E.") # 26 ("Am. Compl.").) Mr. Hasou seeks an order compelling USCIS to adjudicate his Form I-526. On the present motion, USCIS has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because I conclude that Mr. Hasou has alleged sufficient material facts to state a claim upon which relief can be granted, Defendant's motion to dismiss is denied.

    Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." To avoid dismissal, a plaintiff must state a claim that is "plausible on its face" by alleging sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)). A claim will survive a motion to dismiss if it sets forth allegations that "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Although the Court will not credit

1

"mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action," Iqbal, 556 U.S. at 678, it must accept as true all material factual allegations alleged in the complaint and draw all reasonable inferences in the plaintiff's favor, see Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013). Accordingly, in the context of an unreasonable delay claim facing a motion to dismiss, "the Court is not determining whether there has been an unreasonable delay; rather, it is determining whether [plaintiff's] complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." See Palakuru v. Renaud, 521 F. Supp. 3d 46, 50 (D.D.C. 2021) (citation omitted). Plaintiff's claim need only be plausible, not ironclad.

Plaintiff Hasou is a Canadian national who has filed with USCIS a petition for visa under the "EB-5" Immigrant Investor Program and has been awaiting adjudication of his petition for approximately 39 months.[1] (Am. Compl. ¶¶ 1, 38, 43.) Through the EB-5 program, immigrants who invest at least $500,000 in a new commercial enterprise ("NCE") and create at least 10 jobs for lawful American workers can become eligible for a visa. (See id. ¶ 30); 8 U.S.C. § 1153(b)(5). Some EB-5 investors make such investments by way of what is known as the Regional Center Program. (See Am. Compl. ¶ 31.) Investment into an approved regional center is one way to invest in an NCE, and to satisfy the investment and job-creation requirements for the EB-5 application. (See id.)

To become a lawful permanent resident under the EB-5 Program, an applicant must first file with USCIS a petition for classification as an EB-5 investor using a "Form I-526." See 8 C.F.R. § 204.6(a), (c). Once the Form I-526 is approved by USCIS, the applicant must still wait for a visa to become available. Of significant dispute on the present motion to dismiss is the

---

[1] Mr. Hasou's amended complaint actually alleges a delay that is longer by approximately eight months. However, I decline to consider those eight months because both parties jointly agreed that the statutory authorization for the program through which Mr. Hasou submitted his immigration petition had lapsed during that time, and they agreed to stay the present case on that basis. (See D.E. # 16 ("Joint Motion to Stay"); Order Staying Case dated July 26, 2021.)

2

precise nature of the approach used by USCIS to adjudicate these petitions in a timely and orderly manner. But the parties do not appear to dispute the following basic facts. In 2020, USCIS publicly announced that it would change from a first-in, first-out ("FIFO") approach to processing I-526 petitions to a "visa availability" approach. (D.E. # 29-1 ("Def. Mem.") at 5-6; Am. Compl. ¶ 57 n.1 (citing "Questions and Answers: EB-5 Immigrant Investor Program Visa Availability Approach," USCIS, https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-fifth-preference-eb-5/questions-and-answers-eb-5-immigrant-investor-program-visa-availability-approach (Apr. 2, 2021) ("EB-5 Q&A")).) The purported thrust of the visa availability approach is to prioritize petitions for nationals from countries where visas are immediately available, or soon available, rather than processing on a purely first-in, first-out basis that operates without regard to the originating country of the petition. (See EB-5 Q&A at A1.) As such, USCIS publicly purports to follow this visa availability approach and describes the prioritization scheme as follows:

> IPO [(the Investor Program Office)] manages Form I-526 petition inventory through workflows factoring in whether:
>
> - A visa is available (or will be available soon); and
> - The underlying project has been reviewed.
>
> Workflows are generally managed in FIFO order when a visa is available or will be available soon.

(Id. at A14.)

Both parties agree that to determine whether an agency delay is reasonable, courts consider the list of six factors identified in Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("TRAC"). These "TRAC factors" are as follows:

> (1) the time agencies take to make decisions must be governed by a rule of reason;
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme

may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Fams. for Freedom v. Napolitano, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009) (citing TRAC, 750 F.2d at 80). "The D.C. Circuit's decision in TRAC has been widely followed by federal courts." Id. (listing cases).

Having reviewed the briefing and heard the parties' oral arguments, and having considered the TRAC factors as applied to the allegations in Plaintiff's complaint, I conclude that Plaintiff has pled sufficient facts to state a plausible claim that USCIS's delay here is unreasonable. Though many well-pled factual allegations went into this determination, I note in particular certain facts pled by Plaintiff.

Under the first TRAC factor, which requires me to consider whether USCIS has and follows a "rule of reason" in adjudicating petitions, Plaintiff has alleged that "USCIS grants blanket expedites to certain new commercial enterprises but not others" and that "no statute, regulation, or policy allows such an expedite." (Am. Compl. ¶ 56.) In support of these allegations, Plaintiff incorporates by reference marketing materials from a particular regional center, the Appalachian Regional Center. (See Am. Compl. Ex. A.) These materials advertise that on April 6, 2017, the project was approved for "Expedited Processing," and that as a result, the average processing time for I-526 applications processed through that regional center took on average "2-3 months vs. non-expedited processing times of 24+ months (as of March 2019)." (Id. at 1, 6; Am. Compl. ¶ 70.) Taking as true that the Appalachian Regional Center was approved for project-wide expedited processing, and that there is no mechanism for such project-wide expediting under

USCIS's proclaimed visa availability approach, Plaintiff has made a showing that is at least plausible under the first TRAC factor that USCIS does not follow its purported rule of reason.

USCIS attempts to argue, in part, that the agency eventually acknowledged these project-wide expedites as having been granted in error, and USCIS therefore argues that "an agency which seeks to correct or acknowledge an error in its established procedures demonstrates that it is adhering to those established procedures." (D.E. # 29-2 ("Def. Reply") at 7.) I reject that argument at the motion to dismiss stage. Evidence of an agency deviating from its established procedures, when taken as true and drawing all reasonable inferences in favor of a plaintiff, lends plausibility to a claim that an agency does not follow its purported rule of reason. A court need not accept, on a motion to dismiss, the agency's own explanation that the deviation constituted an admitted error.

These allegations of project-wide expediting, along with other well-pled material factual allegations from the complaint, all lend support to a plausible claim that even if the visa availability approach is a rule of reason, USCIS does not follow its purported rule of reason. Under Plaintiff's facts, USCIS may plausibly have expedited I-526 petitions from the Appalachian Regional Center on a project-wide basis without any stated reason for doing so, in contravention of its own established visa availability approach. I find these allegations to be particularly compelling considering that such facts are difficult for a plaintiff to come by at such an early juncture in unreasonable delay cases, given that "[a]t [the motion to dismiss stage], the machinery of the . . . adjudication processes is known only to USCIS." See Barrios Garcia v. U.S. Dep't of Homeland Sec., 25 F.4th 430, 453 (6th Cir. 2022); see also Gonzalez v. Cuccinelli, 985 F.3d 357, 375 (4th Cir. 2021) ("A claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage . . . ."). In addition, at least some courts consider the

first TRAC factor the most important one. See, e.g., In re Nat. Res. Def. Council, Inc., 956 F.3d 1134, 1139 (9th Cir. 2020).

Plaintiff has supported his claim with material factual allegations that relate to the other TRAC factors as well. For example, the second factor asks me to consider whether Congress has provided a timetable. Here, Congress has expressed a goal of 180 days to adjudicate Forms I-526. See 8 U.S.C. § 1571. Although I agree with USCIS that this is only a goal and does not create any enforceable right to mandamus, (see Def. Mem. at 18-19), Plaintiff's petition has been pending for upwards of 39 months—well beyond 180 days. The third and fifth factors ask me to consider the nature and extent of the interests at stake. Although it is true that the third factor places more emphasis on situations where health and human welfare are at stake, and Plaintiff has not pled many particularized facts that demonstrate such an impact, (see Am. Compl. ¶¶ 93, 95), Plaintiff has alleged various economic harms that are not insignificant, (see id. ¶¶ 94, 96).

USCIS urges me to place particular emphasis on the fourth TRAC factor, which requires me to consider the effect of expediting delayed action on agency activities of a higher or competing priority. (See Def. Mem. at 21-25.) USCIS argues that expediting Plaintiff's petition would simply allow him to skip the line ahead of others who have been waiting longer. And USCIS points to language originating from a case out of the D.C. Circuit, Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003), to argue that an unreasonable delay claim can be denied on the fourth factor alone where a judicial order would simply serve to put a petitioner at the head of the queue and move all others back one space. But in addition to significant factual differences from the Mashpee case that make it questionable whether it should apply here, I also do not find the logic persuasive in this context. For one, taken to its logical conclusion, USCIS would seem to be asking every plaintiff to show they are first in line in order

to succeed on an unreasonable delay claim—otherwise, a court could always determine that its order would serve to move the petitioning plaintiff ahead of others. And second, I consider this factor of less importance at the motion to dismiss stage, where denial of the motion would not serve to move Petitioner to the head of the line but would simply allow the lawsuit to continue to the discovery stage.

In conclusion, at the motion to dismiss stage, the material factual allegations in the complaint need only "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Having considered the TRAC factors, I hold the present complaint alleges facts that push the claim of unreasonable delay well beyond that line. Accordingly, Defendant's motion to dismiss under Rule 12(b)(6) for failure to state a claim is DENIED.

SO ORDERED.

Dated: November 29, 2022
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge