UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FRANCO HASOU,

                Plaintiff,

-against-

UR JADDOU, DIRECTOR, U.S.
CITIZENSHIP AND IMMIGRATION
SERVICES,

                Defendant.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
No. 20-cv-4516 (CBA)

**AMON, United States District Judge:**

## INTRODUCTION

Plaintiff Franco Hasou ("Hasou" or "Plaintiff") brings this motion for attorney's fees in the amount of $31,876.50 under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2018) ("EAJA"), following the dismissal of the subject action seeking to compel Defendant Ur Jaddou, Director of the United States Citizenship and Immigration Services ("USCIS") ("Defendant"), to adjudicate his Form I-526 Petition, "Immigrant Petition by Alien Entrepreneur" ("I-526"). For the reasons stated below, Plaintiff's application is DENIED.

## BACKGROUND

Plaintiff filed his I-526 on December 20, 2018, seeking immigrant investor status under the EB-5 Program. (ECF Docket Entry ("D.E.") # 1 ("Compl.") ¶¶ 21-22.) On September 23, 2020, Plaintiff filed suit seeking a writ of mandamus to compel immediate adjudication of his I-526. (Id. ¶¶ 64, 69.) On April 13, 2021, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.E. # 15.) While that motion was pending, I granted the parties' joint motion to stay the action pending congressional reauthorization of the EB-5 Program. (D.E. # 16.) Plaintiff then filed an Amended

1

Complaint on June 24, 2022. (D.E. # 26 ("Am. Compl.").) On August 5, 2022, Defendant filed a Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). (D.E. # 29.) On November 2, 2022, before I ruled on the Motion to Dismiss, Defendant issued a Request for Evidence ("RFE") to Hasou, instructing him that his response to the RFE was due February 8, 2023. (See D.E. # 37.) On November 29, 2022, I denied Defendant's Motion to Dismiss. (D.E. # 38 ("Order") at 7.) On January 19, 2023, Hasou submitted his response to the RFE. (See D.E. # 43.) On February 3, 2023, USCIS granted Hasou's I-526. (See D.E. # 44.) At a pre-motion conference on June 1, 2023, both parties agreed that the case was now moot, and I dismissed the case. (D.E. on June 1, 2023.) Hasou now moves for recovery of attorney's fees. (D.E. # 55 ("Pl. Mot.").) For the reasons below, Hasou's motion is DENIED.

## DISCUSSION

The EAJA provides that, in order to award attorney's fees, this Court must find (1) that plaintiff is a "prevailing party," (2) that defendant's position was not "substantially justified," and (3) that there are no "special circumstances [that] make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The term "prevailing party" is a legal term of art, defined as a "party in whose favor a judgment is rendered." Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res., 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). In Buckhannon, the Supreme Court addressed the meaning of "prevailing party" under the attorney's fee provisions of the Americans with Disabilities Act ("ADA") and Fair Housing Amendments Act ("FHAA"), and specifically rejected the ability to recover fees as a prevailing party under the "catalyst theory." Id. at 605-10. The catalyst theory "posits that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the

2

defendant's conduct." Id. at 601 (internal quotation marks omitted). In rejecting this basis for being considered a prevailing party, the Court held that under its precedents, "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees," but that "the 'catalyst theory' falls on the other side of the line from these examples." Id. at 604-05 (quoting Texas State Tchrs. Assn. v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)). In other words: "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change" to warrant that party being a prevailing party for purposes of attorney's fees statutes. Id. at 605.

The Second Circuit, in Ma v. Chertoff, 547 F.3d 342, 344 (2d Cir. 2008) (per curiam), "join[ed] all of the Circuit Courts to have considered this issue" and "[held] that Buckhannon's definition of 'prevailing party'" "extends well beyond [the ADA and FHAA]" and also "applies to fee requests under the EAJA." Id. at 344.

Ma and Buckhannon foreclose the possibility that Hasou is a prevailing party. As in those cases, USCIS's approval of the I-526 in this case was neither court-ordered nor the product of a court-sanctioned consent decree; rather, USCIS "voluntarily gave [Hasou] the relief he sought." Id. USCIS's actions thus amount to a "voluntary change in conduct [that], although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lack[] the necessary judicial imprimatur on the change" to render Hasou a prevailing party for purposes of the EAJA. See Buckhannon, 532 U.S. at 605.

Hasou argues that Buckhannon should not bar his claim in this Court because the Court in Buckhannon "recognized that its 'prevailing party' definition could be gamed by 'mischievous defendants' who moot out 'claims for equitable relief'" in an effort to avoid having to pay

attorney's fees, and the Court "trusted" that exceptions to mootness—such as voluntary cessation or capable of repetition while evading review—would ensure that courts will often find these cases not to be mooted. (Pl. Mot. at 2-3.) Here, Hasou argues, neither of the mootness exceptions would apply, as "once [a plaintiff] acquires an immigrant visa they will never again apply for another one." (Id. at 4.) As such, Hasou argues, this Court should depart from the Buckhannon precedent and its Second Circuit progeny to address the policy concerns alluded to in Buckhannon. (Id.) Notably, Hasou cites no caselaw supporting the proposition that Buckhannon's application should be limited in this way.

I am not persuaded. Plaintiff significantly overstates the weight the Supreme Court in Buckhannon accorded to policy concerns regarding mischievous defendants. The Court's holding in that case was principally based on its interpretation of the statutory language "prevailing party," not policy considerations; it is therefore not limited to cases in which mootness exceptions would apply. Indeed, the Court explicitly noted that "[g]iven the clear meaning of 'prevailing party' in the fee-shifting statutes, we need not determine which way these various policy arguments cut." Buckhannon, 532 U.S. at 610.

Hasou also argues that, where an agency has a "policy or practice" to "settle" a case after losing a motion to dismiss, the agency's action is, in effect, judicially sanctioned because the court's decision on the motion to dismiss triggered the settlement policy. (Pl. Mot. at 4.) But this argument is also unconvincing. First, as Defendant points out, USCIS did not postpone acting on Hasou's I-526 application until it lost its Motion to Dismiss; the agency issued to Hasou an RFE on November 2, 2022, a few weeks before this Court ruled on the motion to dismiss. (D.E. # 57 ("Pl. Opp'n") at 5.) Moreover, even assuming that Hasou is correct with respect to the existence of a "pattern and practice" of USCIS, and that this policy was somehow triggered by the Court's

4

denial of the agency's Motion to Dismiss in this case, Buckhannon requires that a plaintiff be "awarded some relief by the court," either by a decision on the merits or by a court-enforced consent decree. Buckhannon, 532 U.S. at 603-04. Extending that standard to include voluntary action "triggered" by a denial of a defendant's motion to dismiss, even if that was agency policy, would amount to a reversion to the catalyst theory rejected by Buckhannon. See Melamud v. U.S. Dep't of Homeland Sec., No. 3:06-cv-1698 (PCD), 2007 WL 2870978, at *3-4 (D. Conn. Sept. 25, 2007) (holding that a plaintiff in an immigration action was not a "prevailing party" under the EAJA notwithstanding that USCIS stated that it "can only request an expedited background check . . . after a lawsuit is filed").

I hold that, because USCIS did not grant Hasou's application pursuant to a judicial decision on the merits or a court-enforced consent decree, Hasou is not a "prevailing party" under the EAJA as interpreted by Buckhannon and Ma. Accordingly, I need not reach the question of whether Defendant's position in its Motion to Dismiss was substantially unjustified.

## CONCLUSION

For the foregoing reasons, Hasou's motion for attorney's fees is DENIED.

SO ORDERED.

Dated: August 17, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge